# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL MARQUEZ, :
:
    Petitioner :
:
v. : CIVIL NO. 3:11-CV-1270
:
PENNSYLVANIA BOARD OF : (Judge Munley)
PROBATION AND PAROLE, :
:
    Respondent :

## MEMORANDUM
### Background

Angel Marquez ("Petitioner"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville), initiated this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner has also submitted an *in forma pauperis* application which will be granted. (Doc. 5). Named as sole Respondent is the Pennsylvania Board of Probation and Parole (Parole Board).[1]

Marquez states that he plead guilty to a charge of attempt to commit burglary in the Monroe County, Pennsylvania Court of Common Pleas. As a result of that conviction, he was

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. The SCI-Frackville Superintendent is Petitioner's custodial official for purposes of § 2242.

sentenced on February 26, 2008 to a three (3) to six (6) year term of imprisonment. According to a Memorandum accompanying the Petition, Marquez was initially interviewed by the Parole Board on April 14, 2010. Thereafter, the Parole Board issued a written decision dated May 1, 2010 which denied Petitioner's parole application. The Parole Board concluded that Petitioner would not be recommended for parole due to his need to participate in and complete additional institutional programs. The decision also cited Marquez's unfavorable institutional behavior and a negative recommendation made by the Pennsylvania Department of Corrections (DOC) as contributing factors. See Doc. 2, p. 4. Additional reasons cited in the adverse decision was an assessment that release of Marquez would pose a risk to the community and Petitioner's minimization of the nature and circumstances of his underlying offense. See id. The decision further provided that Petitioner's parole eligibility would be reconsidered in approximately one (1) year or earlier if a favorable DOC recommendation was issued.

Petitioner states that he was again interviewed by the Parole Board on or about April 13, 2011. Marquez alleges that during this interview he expressed remorse and accepted responsibility for his actions. Despite making those statements, a favorable DOC recommendation, and not having had any institutional misconducts for the prior two (2) years, his second parole application was nonetheless denied.

Petitioner's pending action contends that he is entitled to federal habeas corpus relief on the basis that he was denied parole "for no legitimate purpose when petitioner was a good candidate for Parole and had completed all prescriptive recommended Drug, and Educational programs." Doc. 1, ¶ 12, GROUND ONE. He concludes that the actions of the Parole Board

2

violated his right to due process. As relief, Petitioner asks that he be granted parole.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979);see also Rauso v. Vaughn, 79 F. Supp.2d 550, 551 (E.D. Pa. 2000) (the federal Constitution does not create an entitlement to parole). Likewise, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993); Thorpe v. Grillo, 80 Fed. Appx. 215, 2003 WL 22477890 (3d Cir. 2003)(because there is no constitutional right to parole, any substantive due process claim is foreclosed); Perry v. Vaughn, 2005 WL 736633 at *10

(E.D. Pa. March 31, 2005).

However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

Marquez does not argue that he was denied parole on the basis of his race, religion, or ethnicity. Rather, Petitioner indicates that he was denied parole "for no legitimate purpose" Doc. 2, p. 2. He supports that conclusion by asserting that he: (1) received a favorable DOC recommendation; (2) expressed remorse and accepted responsibility for his criminal conduct to the Parole Board; (3) completed institutional programming; and (4) remained misconduct free for the past two years.

Attached to Petitioner's supporting memorandum is a copy of a May 6, 2011 Parole Board decision denying Petitioner's request for parole. The decision clearly states that parole is

4

being denied because: (1) a risk and needs assessment indicates that Marquez would pose a risk to the community if granted release; (2) Petitioner failed to demonstrate motivation for success; (3) lack of remorse; (4) Petitioner minimizes the nature and circumstances of his underlying offense; (5) his 30+ arrests; and (6) his lack of insight into his criminal behavior. See Doc. 2, p. 7.

Clearly, the Parole Board's May 6, 2011 decision specifically enumerated legitimate reasons for denying parole. As noted earlier, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. Furthermore, the protection of public safety factors, most notably his history of having more then thirty (30) arrests, cited by the Parole Board in its most recent denial of parole "are relevant factors in making a parole determination." Richardson v. Chesney, Civ. No. 4:CV-01-2121, slip op. at 7 (M.D. Pa. Dec. 11, 2001)(McClure, J.)(citing Santo v. Pennsylvania Bd. of Probation and Parole, Civ. No. 00-1021, slip op. at p. 5 (M.D. Pa. July 17, 2001)(Kosik, J.).

There is simply no viable claim by Marquez that the challenged decision to deny parole was based on any constitutionally impermissible reasons. Petitioner has not produced any facts or evidence which could support a claim that he was denied parole based upon any of the impermissible criteria enumerated in Block. There is also no indication that the Parole Board applied any inappropriate criteria or that his parole proceedings violated any due process protections which Marquez was entitled to under state law.

In conclusion, the parole determination rendered in Marquez's case was simply not premised upon the type of frivolous criteria which would warrant relief under Block. Based upon

the above discussion, the Parole Board's May, 2011 decision did not violate Petitioner's constitutional due process protections. Accordingly, the petition will be dismissed without prejudice. An appropriate Order will enter.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

DATED: AUGUST 31, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL MARQUEZ, :
:
    Petitioner :
:
v. : CIVIL NO. 3:11-CV-1270
:
PENNSYLVANIA BOARD OF : (Judge Munley)
PROBATION AND PAROLE :
:
    Respondent :

## ORDER

**AND NOW**, to wit, this 31st day of August, 2011, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1. Petitioner is **GRANTED** leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2. The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of Court is directed to **CLOSE** the case.

4. Based upon the Court's determination, there is no basis for the issuance of a certificate of appealability.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court